Parker C. J.
We think the decree of the judge of probate ought to be affirmed in the whole.
With respect to Mrs. Rhoades and Mrs. Greaves, they stand on the same footing. The memorandam in regard to articles delivered clearly manifests an intention to charge those articles as advancements. The form first adopted had the appearance of a loan, but the memorandum at the bottom states expressly that the articles received by the husband were on account of the wife’s portion. It is said that it does not appear that the memorandum respecting Greaves was *361 made after the cancelling of the receipt; but it is sufficient that it was made by the intestate, and had reference to the preexisting receipt, and it is pretty clear also from inspection, that it was made subsequently to the cancelling of the receipt. This is such a memorandum as the statute requires.
The question in respect to the amount considered as advanced to Mrs. Bulkeley, is somewhat more doubtful, but the form of the charge in the little memorandum book indicates the same intention as in the other cases. The words, “ Articles that I let my daughter Nancy Porter have,” dj not imply a gift or a debt necessarily ; they are quite as applicable to an advance of the articles towards her portion. No particular form of words is required by the statute, to constitute an advancement, but it must be charged as such, that is, it must be charged in such manner as to show that to have been the intention. And upon considering this charge, made in the same book in which the other portions are entered, and considering the form of words used, we are satisfied that in regard to this daughter the same intention is manifested as towards the others.[1]
With respect to the parol evidence offered to prove an advancement to two other children, we think it perfectly clear, that in rejecting it the judge of probate acted in conformity with the statute, which by implication excludes all such evidence ; and in those two cases there was no xvritten evidence. Nor would it have been proper to have admitted the supposed declarations of the intestate, to contradict the xvritten evidence.

Decree affirmed.

 See Ashley, Appellant, 4 Pick. 21; Bullard v. Bullard, 5 Pick. 527; Hall v. Davis, 3 Pick. 450.